# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES POSTAL SERVICE, | Civil Action No. |
| Plaintiff, | |
| v. | **COMPLAINT TO VACATE ARBITRATION AWARD** |
| NATIONAL ASSOCIATION OF LETTER CARRIERS, AFL-CIO, | |
| Defendant. | |

## PRELIMINARY STATEMENT

1. Pursuant to Title 39 U.S.C. § 1208(b), Plaintiff United States Postal Service ("Postal Service") requests that this Court issue an Order to vacate an arbitration award ("Award") rendered by Arbitrator Troy D. Soileau ("Arbitrator") in a written decision dated February 23, 2023, in favor of Defendant National Association of Letter Carriers, AFL-CIO ("NALC") in Case No. 4G-19N-4G-C 22008330.

2. The Arbitrator acted beyond the scope of his authority by awarding remedies that do not draw their essence from the parties' collective bargaining agreement—in some cases even expressly conflicting with that agreement—as well as remedies that are contrary to applicable law. For these reasons, and for the reasons discussed herein, the Postal Service seeks vacatur of the Award.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 39 U.S.C. §§ 409(a) and 1208, and pursuant to 28 U.S.C. §§ 1331, 1339, 2201 and 2202.

1

4. Venue is proper pursuant to 39 U.S.C. § 1208(d) and 28 U.S.C. § 1391(b).

## PARTIES

5. The Postal Service is an independent establishment of the Executive Branch of the United States Government. 39 U.S.C. § 201. Postal Service Headquarters are located at 475 L'Enfant Plaza, SW, Washington, D.C. 20260.

6. NALC is a labor organization representing letter carriers employed by the Postal Service throughout the United States. NALC Headquarters are located at 100 Indiana Avenue, NW, Washington, D.C. 20001.

## LEGAL BACKGROUND

**Contractual Provisions**

7. At all times relevant to these proceedings, the Postal Service and NALC (together "the Parties") were signatories to the Postal Service-NALC Collective Bargaining Agreement (the "Agreement"), a true and correct copy of which is attached as Exhibit A.

8. The Agreement provides the terms and conditions of employment for the bargaining unit employees represented by NALC. The Parties' dispute arose under that Agreement.

9. Article 15.1 of the Agreement memorializes a comprehensive, multi-step grievance arbitration procedure for the resolution of any "dispute, difference, disagreement or complaint between the Parties related to wages, hours, and conditions of employment" (the "grievance arbitration procedure"). The grievance arbitration procedure culminates in a hearing before an arbitrator appointed by the Parties. Ex. A at Art. 15.4. Following a hearing, arbitrators "should render an award within thirty (30) days of the close of the record." Ex. A at Art. 5.4.B.8.

10. Arbitral awards are "final and binding," but "shall be limited to the terms and provisions of this Agreement, and in no event may the terms of and provisions of this Agreement be altered, amended, or modified by an Arbitrator."  Ex. A at Art. 15.4.A.6.

11. The Agreement also reserves to the Postal Service the right to develop its own policies. The Management Rights Clause memorialized in Article 3 gives the Postal Service "the exclusive right, subject to the provisions of this Agreement and consistent with applicable laws and regulations," to run its operations, including to "determine the methods, means, and personnel by which such operations are to be conducted."  Moreover, Article 19 of the Agreement reserves to the Postal Service the right to make policy changes that are "not inconsistent with this Agreement and that are fair, reasonable, and equitable."

12. Article 35.2 of the Agreement provides for a joint committee that sets the scope of Employee Assistance Program ("EAP") benefits currently available to Postal Service employees represented by NALC: "[A] National EAP Committee . . . will have responsibility for jointly assessing the effectiveness of EAPs . . . and for developing on an ongoing basis the general guidelines with respect to the level of services and the mechanisms by which the services will be provided."  EAP services include "education, identification, referral, guidance and follow-up" for employees dealing with "alcohol, drug abuse, and other family and/or personal problems."  Ex. A at Art. 35.1.

13. The current benefits agreed to by the Parties are reflected in the Postal Service's EAP Contract with its service provider, most recently extended in 2018. The Postal Service's service provider agreement governs and specifies details of the terms of services provided to employees.

14. The Agreement further requires that "all costs, fees and expenses charged by the arbitrator will be shared equally by the parties." Ex. A at Art. 15.4.A.6.

15. At all times relevant to these proceedings, the Parties were signatories to the Joint Statement on Violence and Behavior in the Workplace ("JSOV"). Joint Statement on Violence and Behavior in the Workplace, Postal Bulletin, March 19, 1992. The Parties resolve disputes arising under the JSOV via the Article 15 grievance arbitration procedure.

**Procurement Authorities**

16. The Postal Service is also bound by applicable laws pertaining to its contracting authority.

17. Congress granted the Postal Service the authority to enter into and perform contracts. 39 U.S.C. § 401(3).

18. Congress vested most of the exercise of the power of the Postal Service to the Board of Governors ("the Board"). 39 U.S.C. § 202(a)(1). Except for certain powers specifically vested in the Governors, the Board may delegate its authority to committees of the Board or to the Postmaster General, and these powers can be further re-delegated by the Postmaster General to officers, employees, or agencies of the Postal Service. 39 U.S.C. § 402; *see also* 39 C.F.R. § 3.5.

19. In furtherance of the Board's statutory responsibilities, the Postal Service's implementing regulations confine the authority to contract on behalf of the Postal Service to certain Postal Service employees:

> *Only* the Postmaster General/CEO; the Postal Service's vice president, Supply Management; contracting officers with written statements of specific authority; and others designated in writing or listed in this part have the authority to bind the Postal Service with respect to entering into, modifying, or terminating any

>contract regarding the acquisition of property, services, and related purchasing matters.

39 C.F.R. § 601.104 (emphasis added).

## FACTUAL BACKGROUND

20. In October 2021, a collective bargaining unit employee shot and killed a station manager and a supervisor, and then took his own life, at the East Lamar Carrier Station in Memphis, Tennessee.

21. In the aftermath of this tragic incident, NALC initiated the Grievance, styled as a class action, wherein NALC alleged contractual violations of the Agreement, JSOV, and related policies.

22. On February 23, 2023, the Arbitrator issued an Award in favor of NALC, a true and correct copy of which is attached as Exhibit B.

23. Among other remedies, the Award provides that "**USPS** shall reimburse the **NALC** for all costs in investigating the incident of October 12, 2021, as well as all costs in the prosecution of this case within the entire Article 15 process." Ex. B at 28.

24. The Award also provides that all "**USPS** and **NALC** employees, (to include full time, part time, and CCA **NALC** employees, as well as, any other city letter carrier on the employment roles) assigned to the Memphis Installation shall be provided with EAP services—paid entirely by the **USPS**." *Id.*

25. The Award also provides that the "parties shall create the **MEMPHIS INSTALLATION CONFLICT RESOLUTION COMMITTEE** made up of six individuals," whose purpose is "to develop programs and processes, with the assistance of a conflict resolution coordinator, who shall serve as the chairman of the committee," and that "All unresolved conflicts of the **MEMPHIS INSTALLATION CONFLICT**

**RESOLUTION COMMITTEE** shall be presented to your arbitrator for resolution." *Id.* at 28–29.

26. The Award also provides that "**USPS** shall pay all cost associated with the attendance of all committee members at all meetings (including the chairman of the committee)," and that the "chairman of the **MEMPHIS INSTALLATION CONFLICT RESOLUTION COMMITTEE** shall be **PROFESSOR, SELINA J. SHULTZ**, Esq., L.L.M." *Id.* at 29.

27. The Award also provides that the "arbitrator retains jurisdiction of this case." *Id.* at 31.

28. These remedies went above and beyond the remedies NALC had requested in its Grievance.

## COUNT I

29. Plaintiff reincorporates herein paragraphs 1-28 of this Complaint.

30. The Award's requirements relating to the "Memphis Installation Conflict Resolution Committee" and its "chairman" conflict with and do not draw their essence from the Agreement (e.g., Arts. 3, 15, & 19).

31. The Award's requirements relating to the provision of "EAP services" conflict with and does not draw their essence from the Agreement (e.g., Art. 35).

32. The Award's requirement that "**USPS** shall reimburse the **NALC** for all costs in investigating the incident of October 12, 2021, as well as all costs in the prosecution of this case within the entire Article 15 process" conflicts with and does not draw its essence from the Agreement (e.g., Art. 15).

33. The Arbitrator thereby acted outside of his authority, and his Award should therefore be vacated.

## COUNT II

34. Plaintiff reincorporates herein paragraphs 1-28 of this Complaint.

35. The Award's requirements relating to the Postal Service's payment of "all cost associated with the attendance of all committee members at all meetings (including the chairman of the committee)," and that the "chairman of the **MEMPHIS INSTALLATION CONFLICT RESOLUTION COMMITTEE** shall be **PROFESSOR, SELINA J. SHULTZ**, Esq., L.L.M.," contravene the Postal Service's authority over its contracting decisions, including applicable procurement regulations, and therefore are in manifest disregard of the law.

36. The Award's requirements relating to the provision of "EAP services" contravene the Postal Service's authority over its contracting decisions, including applicable procurement regulations, and therefore are in manifest disregard of the law.

37. The Arbitrator thereby acted outside of his authority, and his Award should therefore be vacated.

## PRAYER FOR RELIEF

WHEREFORE, the Postal Service respectfully requests that the Court enter judgment

1. Vacating, setting aside, and declaring null and void the February 23, 2023 Opinion and Award of Arbitrator Soileau;

2. Awarding the Postal Service its Costs; and

3. Awarding any and all other relief the Court deems necessary and proper.

Dated: May 23, 2023

> Respectfully submitted,
>
> BRIAN M. BOYNTON
> Principal Deputy Assistant Attorney General
> Civil Division
>
> JACQUELINE COLEMAN SNEAD
> Assistant Branch Director
> Federal Programs Branch
>
> /s/ Christian S. Daniel
> Christian S. Daniel (DC Bar No. 1600226)
> Trial Attorney
> United States Department of Justice
> Civil Division, Federal Programs Branch
> 1100 L Street, N.W., Rm. 11004
> Washington, D.C. 20005
> Tel: (202) 514-5838
> Email: christian.s.daniel@usdoj.gov
>
> *Counsel for Plaintiff*