UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
-----------------------------------------------------------------x
UNITED STATES POSTAL SERVICE,                  :
                                               :
                        Plaintiff,             :
                                               :
                                               :     Case No. 1:23-cv-01479 (ACR)
         - v. -                                :
                                               :
NATIONAL ASSOCIATION OF LETTER                 :
CARRIERS, AFL-CIO,                             :
                                               :
                        Defendant.             :
-----------------------------------------------------------------x
```

## ANSWER AND COUNTERCLAIM OF DEFENDANT NATIONAL ASSOCIATION OF LETTER CARRIERS, AFL-CIO

### Answer

Defendant National Association of Letter Carriers, AFL-CIO ("NALC") answers the August 17, 2023 First Amended Complaint [Docket Entry #5] of Plaintiff United States Postal Service ("USPS") as follows:

1. Avers that paragraph 1 sets forth a description of the action and conclusions of law to which no responsive pleading is required. To the extent a response is required, NALC denies the allegations in paragraph 1.

2. Avers that paragraph 2 sets forth a description of the action and conclusions of law to which no responsive pleading is required. To the extent a response is required, NALC denies the allegations in paragraph 2.

3. Avers that paragraph 3 sets forth conclusions of law to which no responsive pleading is required.

1

    4.  Avers that paragraph 4 sets forth conclusions of law to which no responsive pleading is required.

    5.  Admits the allegations in paragraph 5.

    6.  Admits the allegations in paragraph 6.

    7.  Admits the allegations in paragraph 7.

    8.  Admits the allegations in paragraph 8.

    9.  For its response to paragraph 9, NALC refers the Court to the Agreement for the contents thereof.

    10.  For its response to paragraph 10, NALC refers the Court to the Agreement for the contents thereof.

    11.  For its response to paragraph 11, NALC refers the Court to the Agreement for the contents thereof.

    12.  For its response to paragraph 12, NALC refers the Court to the Agreement for the contents thereof.

    13.  Denies the allegations in Paragraph 13, except admits that the Postal Service currently has an EAP Contract with a service provider that governs and specifies details of the terms of services provided to employees.

    14.  For its response to paragraph 14, NALC refers the Court to the Agreement for the contents thereof.

    15.  Admits the allegations in paragraph 15.

    16.  Avers that paragraph 16 sets forth conclusions of law to which no responsive pleading is required.

17. Avers that paragraph 17 sets forth conclusions of law to which no responsive pleading is required.

18. Avers that paragraph 18 sets forth conclusions of law to which no responsive pleading is required.

19. Avers that paragraph 19 sets forth conclusions of law to which no responsive pleading is required.

20. Avers that paragraph 20 sets forth conclusions of law to which no responsive pleading is required.

21. Admits the allegations in paragraph 21.

22. For its response to paragraph 22, admits that, following the October 2021 incident at the East Lamar Carrier Station, NALC initiated a class action grievance alleging contractual violations of the Agreement, JSOV, and related policies.

23. Denies knowledge or information sufficient to admit or deny the allegations in Paragraph 23 except admits that on more than one occasion during the arbitration proceedings the Arbitrator said that he had witnessed a shooting.

24. Admits that on February 23, 2023 Arbitrator Troy D. Soileau issued an Award and refers the Court to the Award for the contents thereof.

25. For its response to paragraph 25, NALC refers the Court to the Award for the contents thereof and otherwise denies the allegations.

26. For its response to paragraph 26, NALC refers the Court to the Award for the contents thereof.

27. For its response to paragraph 27, NALC refers the Court to the Award for the contents thereof.

28. For its response to paragraph 28, NALC refers the Court to the Award for the contents thereof.

29. For its response to paragraph 29, NALC refers the Court to the Award for the contents thereof.

30. Denies the allegations in paragraph 30.

31. For its response to paragraph 31, NALC incorporates its responses to paragraphs 1-30.

32. Denies the allegations in paragraph 32.

33. Denies the allegations in paragraph 33.

34. Denies the allegations in paragraph 34.

35. Denies the allegations in paragraph 35.

36. For its response to paragraph 34, NALC incorporates its responses to paragraphs 1-35.

37. Denies the allegations in paragraph 37.

38. Admits that USPS advised the Arbitrator of its position that his designation of the chair for the Memphis Installation Conflict Resolution Committee contravened its authority under federal procurement laws and regulations.

39. Denies the allegations in paragraph 39 except admits that the Arbitrator did not remove the remedy.

40. Denies the allegations in paragraph 40.

## **Counterclaim**

1. NALC seeks an order confirming the February 23, 2023 arbitration award issued by Arbitrator Troy D. Soileau in NALC Case No. 4G-19N-4G-C 22008330 ("Award").

2. The Court has jurisdiction pursuant to the Postal Reorganization Act, 39 U.S.C. §1208.

3. Venue is proper in this Court under 39 U.S.C. §1208(d), as NALC maintains its principal offices in this District.

4. At all relevant times, USPS and NALC have been parties to a collective bargaining agreement ("CBA") that contains a grievance-arbitration provision that provides, in certain defined circumstances, for the final and binding arbitration of grievances arising under the CBA.

5. The Award is a final and binding award issued pursuant to the CBA.

6. USPS has failed to comply with the Award.

WHEREFORE, NALC respectfully submits that it is entitled to entry of judgment dismissing the complaint with prejudice, confirming the Award, and providing such other relief as the Court considers appropriate.

Dated: September 8, 2023

        Respectfully submitted,

        <u>/s/ Olivia R. Singer</u>
        Olivia R. Singer (*pro hac vice* pending)
        COHEN, WEISS AND SIMON LLP
        900 Third Avenue
        New York, New York 10022-4869
        Tel: (212) 563-4100

        <u>/s/ Lucas Aubrey</u>
        Lucas Aubrey (D.C. Bar. No. 982849)
        SHERMAN, DUNN, P.C.
        900 Seventh Street, N.W.
        Suite 1000
        Washington, D.C. 20001
        Tel: (202) 785-9300

        *Attorneys for Defendant National Association of Letter Carriers, AFL-CIO*